PABLO J. HÉRETER, Petitioner, *v.* JOSÉ REGUERO GONZÁLEZ, MANUEL V. DOMENECH, TREASURER OF PORTO RICO, and D. C. McLEOD, AUDITOR OF PORTO RICO, Respondents.

No. 10. Argued May 13, 1930.—Decided May 19, 1930.

*Cayetano Coll y Cuchí,* for petitioner.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

In this case application has been made for leave to invoke the original jurisdiction of this court in the issuance of an injunction sought against the defendants, and with that application a complaint has been filed in which it is prayed for that a rule be issued directing José Reguero González, Manuel V. Domenech, in his capacity as Treasurer of Porto Rico, and D. C. McLeod, as Auditor of Porto Rico, to appear before this court and show cause why a writ of injunction

should not be issued against them enjoining them from taking any action, either directly or through their agents, which might tend to interfere with the possession of the office of Municipal Mayor of Caguas, which the plaintiff alleges he now holds, or with such possession through the acts of the municipal employees now under the control of the plaintiff in the exercise of his prerogatives, powers, and privileges as such Mayor of Caguas, until the plaintiff can establish his title to such office before a court of competent jurisdiction; and that in due course of law the writ of injunction prayed for be issued and the costs, expenses and attorney's fees in this action be imposed on the defendants.

Section 2 of the Injunction Act of March 8, 1906 (Comp. 1911, section 1355), reads as follows:

"Sec. 2. The Supreme Court, or any judge thereof, may issue injunctions to enforce the jurisdiction of said court, under the regulations prescribed by law. And the judges of the respective district courts may issue injunctions in all cases in which such process may be properly issued."

It will thus be seen that the law confers on this court, or any judge thereof, power or jurisdiction to issue injunctions "to enforce the jurisdiction of said court", while conferring that power or jurisdiction on district courts in all cases where the writ may properly issue.

We have no power to grant the injunction sought herein. To issue the writ we would have to have direct or original jurisdiction of the case, wherein the writ is sought.

For the foregoing reasons the petition filed herein must be denied.